**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5522-18T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

KENNETH B. GREEN,

     Defendant-Appellant.

_____

Submitted January 4, 2021 – Decided February 2, 2021

Before Judges Currier and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment Nos. 09-09-0823 and 09-09-0824.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

Lyndsay V. Ruotolo, Acting Union County Prosecutor, attorney for respondent (Meredith L. Balo, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from a May 30, 2019 order denying his petition for post-conviction relief (PCR). We affirm.

Defendant was convicted by a jury of the following offenses: second-degree attempted burglary, N.J.S.A. 2C:18-2(a)(1), N.J.S.A. 2C:18-2(b)(2), and N.J.S.A. 2C:5-1(a)(3); first-degree robbery, N.J.S.A. 2C:15-1(a)(2); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a)(1); second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b); first-degree carjacking, N.J.S.A. 2C:15-2(a)(1) and/or 2C:15-2(a)(2); and second-degree robbery, N.J.S.A. 2C:15-1(a)(1) and/or 2C:15-1(a)(2). He was also found guilty of second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7(b)(1), under a second indictment.

After merger, the trial court sentenced defendant to an aggregate term of forty years in prison subject to the No Early Release Act, N.J.S.A. 2C:43-7.2, on the first indictment and a consecutive sentence of ten years' incarceration subject to five years of parole ineligibility under the second indictment.

We affirmed defendant's conviction and sentence on direct appeal. State v. Green, No. A-2342-13 (App. Div. Mar. 8, 2017). Defendant then filed a PCR petition asserting multiple claims, including assertions that his trial counsel was ineffective for: (1) failing to inform defendant that his prior convictions could

A-5522-18T2

be sanitized if he elected to testify; (2) failing to investigate a diminished capacity defense; and (3) failing to request a jury charge on the defense of necessity.

In a comprehensive written opinion issued on May 30, 2019, Judge Lara K. DiFabrizio carefully considered and rejected all of defendant's PCR arguments.

In considering defendant's contention that his counsel failed to inform him that his prior convictions could be sanitized if he testified, Judge DiFabrizio stated:

> [Defendant's] claim, however, that he would have testified had he known of sanitization, is factually unsupported and legally unavailing. The record shows the decision not to testify was made by [defendant]. Whether [defendant's] twenty-one prior convictions were or were not to be sanitized in no way alters the voluntariness of his choice.
>
> . . . .
>
> [Defendant] was informed of his right to testify, consulted with counsel on the issue, and decided he would exercise his right to not take the stand. See State v. Savage, 120 N.J. 594, 631 (1990). No basis for [PCR] is shown. Moreover, this [c]ourt finds it incredible, due to the volume of convictions, sanitized or not, that [defendant] would have testified.

Defendant also asserted before the PCR court that his counsel was "ineffective for failing to investigate" a diminished capacity defense based on defendant's use of "certain psychotropic medication[s]." In support of his petition, defendant certified:

> I had informed my attorneys that at the time of the incident I had been prescribed certain psychotropic medication for the treatment of schizophrenia and other conditions. At the time of the incident, I explained that because I had not taken my medication I did not remember the incident. I believe that my attorneys should have had me evaluated and presented a defense of diminished capacity.

In her determination of this argument, Judge DiFabrizio found the record contradicted defendant's contention, remarking that defendant's failure to take his medication was his "go-to scapegoat, without any credible basis." Judge DiFabrizio noted and relied on the following testimony given by police officer Michael Novak in which he recalled the following conversation he overheard between defendant and co-defendant while they were being treated at the hospital:

> [CO-DEFENDANT]: Hey, [y]o, I ain't trying to go back to jail.
>
> [DEFENDANT]: Don't worry, you didn't know nothing about what I was doing, you know, because I didn't [t]ake my mental medications[.]

. . . .

[CO-DEFENDANT]: Oh, all right.

[DEFENDANT]: Yo, you just say that when you heard something going on upstairs you came upstairs and saw me laying on the ground.

[CO-DEFENDANT]: Oh, all right. Hey, yo, they said I told them to get into the room.

[DEFENDANT]: Oh, yeah, nah, you just say you didn't know nothing about what I was doing and that you didn't know anything about how I had the gun.

[CO-DEFENDANT]: Oh, all right, word up.

. . . .

[CO-DEFENDANT]: Yeah, I know, word up. Hey, yo, you're going to be a legend in the hood, yo.

[DEFENDANT]: Ha, ha, ha, yeah, I know, word up, hey, got shot [thirteen] times, yo.

[CO-DEFENDANT]: Oh, yeah, word up.

[DEFENDANT]: Yo, just remember I didn't know what I was saying because of the fact I didn't take my mental medications and that you don't know nothing about what was planned or what did end up happening.

[CO-DEFENDANT]: Okay. All right.

During the robbery, defendant was shot by one of the victims – an off-duty police officer. Nevertheless, defendant was able to flee the scene in a

vehicle which he stole from the motel parking lot. In his PCR petition defendant stated: "I believe that my attorney should have argued the defense of necessity related to the carjacking . . .[.] I had been shot nine times, I feared for my life, and when I took the Infinity FX I did so because I believed my life was in danger."

Judge DiFabrizio rejected this claim, reasoning:

> A review of the record makes clear that [defendant] was not entitled to a defense of necessity in this matter as he cannot meet the elements of the defense, primarily element one. It is clear the situation of emergency arose from the criminal actions of [defendant] and [co-defendant]. The evidence made clear that [defendant] and [co-defendant] attempted to rob an off-duty police officer who used his . . . weapon to defend himself by shooting [defendant] and [co-defendant]. Since fault lies upon [defendant], he is legally barred from the use of the necessity defense.

On appeal, defendant renews his arguments:

> THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF TRIAL COUNSEL'S INEFFECTIVENESS.
>
> A. Trial Counsel Abridged Defendant's Constitutional Right To Testify.
>
> B. Trial Counsel Failed To Pursue A Diminished Capacity Defense.

## C. Trial Counsel Failed To Request A Jury Charge On The Defense Of Necessity Regarding The Carjacking.

We affirm for the reasons stated in Judge DiFabrizio's well-reasoned opinion, adding only the following comments.

The standard for determining whether counsel's performance was ineffective for purposes of the Sixth Amendment to the United States Constitution was formulated in Strickland v. Washington, 466 U.S. 668 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42 (1987). To prevail on a claim of ineffective assistance of counsel, defendant must meet the two-prong test of establishing both that: (1) counsel's performance was deficient and he or she made errors that were so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment; and (2) the defect in performance prejudiced defendant's right to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 687, 694.

To establish a prima facie case of ineffective assistance of counsel, a defendant must present legally competent evidence rather than "bald assertions." See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Defendant has not met that standard.

It is clear the trial judge engaged in a lengthy conversation with defendant during trial to ensure he understood his right to testify, the risks associated with testifying and to confirm defendant wished to waive his right to testify. Nevertheless, defendant states if counsel had informed him that his prior convictions could be sanitized, he would have testified.

Defendant has an extensive criminal history and has been convicted of twenty-one felony offenses. Even if defendant met the first prong of Strickland that counsel failed to advise him of sanitization, he did not show there was a reasonable probability that but for counsel's deficiency, the result of the proceeding would have been different. Strickland, 466 U.S. at 694.

Here, defendant has not stated what convictions would have been sanitized and what his testimony might have been had he taken the stand. He has not provided any information that would have contradicted the evidence presented at trial or that would have provided a defense to any of the charges he faced. In addition, even if defendant's prior convictions were sanitized, the jury would still have been apprised of defendant's long criminal history and considered it in evaluating his credibility. Therefore, defendant failed to demonstrate that trial counsel's alleged error was "so serious as to undermine. . . confidence in the . . . result reached." State v. Chew, 179 N.J. 186, 204 (2004).

Defendant also has not supported his ineffective assistance claim regarding a possible diminished capacity defense. Defendant's certification failed to indicate what medication he was prescribed, the doctor who prescribed the medication, and when defendant last took the medication prior to the offense. In addition, defendant did not provide any expert reports documenting a mental illness. He did not provide any evidence of his inability to recall events or understand the nature of his actions. To the contrary, defendant's conversation with his co-defendant in the hospital shows that he understood the nature of the incident and his actions.

In summary, defendant did not present a prima facie case of ineffective assistance and was not entitled to an evidentiary hearing. See State v. Preciose, 129 N.J. 451, 462 (1992). Any remaining arguments not addressed lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5522-18T2